Meanus R. GOOCH, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.

No. 86–5771.

United States Court of Appeals, Sixth Circuit.

Argued April 21, 1987.

Oct. 5, 1987.

D.C. Daniel, Jr. (argued), Murfreesboro, Tenn., for plaintiff-appellant.

Joe B. Brown, U.S. Atty., William Warren, III (argued), Nashville, Tenn., for defendant-appellee.

Before MERRITT, WELLFORD and NELSON, Circuit Judges.

PER CURIAM.

This is a social security disability case. In 1982 and 1983 the claimant, Mr. Meanus Gooch, filed several claims that were denied. Mr. Gooch did not pursue those claims further, but he did follow up on the present applications, filed in 1984, after they were denied initially and on reconsideration. Mr. Gooch obtained a hearing before an Administrative Law Judge, who in 1985 decided that the claimant was not entitled to benefits. The Appeals Council denied review, and the claimant sought judicial review. The case was referred to a United States Magistrate, who issued a report that contained a thorough analysis of the case and concluded with a recommendation that summary judgment be entered in favor of the Secretary. The district court approved the magistrate's report and recommendation and granted the Secretary's motion for summary judgment.

The questions presented on appeal are whether the district court erred in finding that the agency's decision to deny disability

benefits was supported by substantial evidence, and whether improper legal standards were applied in evaluating the evidence and in gauging the claimant's credibility. Finding no error in the report and recommendation of the magistrate, as approved and adopted by the district court, we shall affirm the judgment.

The claimant's medical history is well summarized in the magistrate's report, and we shall not repeat it here. Suffice it to say that the claimant has a variety of medical problems, the most significant of which seem to be chronic obstructive pulmonary disease and emphysema, arthritis, and varicose veins in his legs. He also has, among other things, an ulcer that keeps him on a bland diet. The claimant voluntarily stopped working as a housekeeper/supervisor at a state hospital in the fall of 1982, at which time he was 55 years old. He had missed considerable time from work in the two years before he left, and his superiors apparently encouraged him to quit, but did not actually discharge him. His principal treating physician, Dr. Shelton, repeatedly expressed the opinion that Mr. Gooch was unable to work and would be disabled for the rest of his life. That conclusion was shared by Dr. Toreck, another treating physician, who in 1981 expressed the opinion that Mr. Gooch was permanently and totally disabled and was unemployable. A Dr. Odom, however, who treated Mr. Gooch at various times between 1976 and 1982, expressed the opinion at the end of that year that the claimant could work until he was 65 and it would be good for his health if he did so. That conclusion appears consistent with the findings of Dr. Perry, an internist who, at the instance of the agency, gave Mr. Gooch comprehensive examinations in December of 1982 and May of 1984.

The ALJ conducted a thorough review of the medical evidence of record, and found no additional evidence that would justify reopening the earlier decisions to deny benefits. The ALJ found that the claimant's chronic obstructive pulmonary disease and emphysema constituted a "severe impairment" that significantly interfered with his ability to perform basic work activities.

The ALJ did not find, however, that this impairment "or [any] combination of impairments" from which Mr. Gooch suffered met the "Listing of Impairments" set forth in 20 C.F.R. Part 404, Subpt. P, Appendix 1. After analyzing each of Mr. Gooch's major complaints, and noting that "[t]he claimant's testimony regarding the severity of his symptoms and resulting functional limitations is not totally credible," the ALJ concluded that "[t]he claimant's impairments do not prevent the claimant from performing his past relevant work." If that conclusion was supported by substantial evidence, the ALJ was correct in concluding, as he did conclude, that "[t]he claimant was not under a 'disability' as defined in the Social Security Act, at any time through the date of the decision...."

The magistrate who reviewed the record for the district court did a conscientious job, and suggested that because the ALJ appeared to have considered Mr. Gooch's impairments "piecemeal" at first, the ALJ might have been well advised to "have made a more definitive statement that he had considered the combination of plaintiff's non-severe impairments with his pulmonary impairment in determining whether or not these diminished his ability to perform work related activities...." The magistrate noted, however, that the bottom line of the ALJ's decision was that Mr. Gooch's "impairments" (plural) did not prevent him from performing his past relevant work. Given the paucity of clinical evidence of any disabling impairment, the magistrate recommended to the district court that the above statement be accepted "as an indication that the ALJ did consider the combination of plaintiff's non-severe impairments, and considered them in conjunction with his severe impairment."

█ The district judge accepted that recommendation, and we believe he was right to do so. Mr. Gooch argues, on appeal, that the magistrate's analysis "assumes the very fact in issue, i.e., whether the ALJ considered the combination of impairments," but the decision itself suggests that the ALJ did consider the combination of impairments, as he was required to do.

The ALJ's decision not to reopen Mr. Gooch's earlier application for disability benefits was made after "a thorough review of the medical evidence of record," and the fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered, particularly in view of the fact that the ALJ specifically referred to "a combination of impairments" in deciding that Mr. Gooch did not meet the "listings." It is clear that Mr. Gooch's pulmonary impairments were considered collectively, moreover, because the ALJ specifically found that these "impairments" (plural), which the ALJ characterized as "severe," did not prevent Mr. Gooch from returning to his former work. It is true that the non-severe impairments were then discussed individually, but the ALJ can hardly be faulted for that; it was only after his canvass of all of the individual impairments that the ALJ found, "[b]ased upon the medical evidence" as whole, that "the claimant retains the ability to perform his former work as a housekeeper." The specific findings with which the ALJ's decision ends were made, the ALJ says, "[a]fter careful consideration of *the entire record*" (emphasis supplied), and as the magistrate correctly observed, the ALJ made a specific finding that Mr. Gooch's "impairments" do not prevent him from performing his past relevant work. To require a more elaborate articulation of the ALJ's thought processes would not be reasonable.

■ The claimant faults the ALJ for finding, without further elaboration, that the claimant's testimony was "not totally credible," and the claimant suggests that the precise meaning of this statement is unfathomable. We disagree. The ALJ may have been wrong, but he was not unclear; after listening to what Mr. Gooch said on the witness stand, observing his demeanor, and evaluating that testimony in the light of what appears in the written medical records, the ALJ concluded, rightly or wrongly, that Mr. Gooch was trying to make his symptoms and functional limitations sound more severe than they actually were. It is the ALJ's job to make precisely that kind of judgment. It is a difficult job,

and the people who perform it sometimes err. Such errors are obviously difficult for a reviewing court to detect (the reviewing court not having seen the claimant in the flesh), and we will not normally substitute our impressions on the veracity of a witness for those of the trier of fact. We would be particularly reluctant to do so in this case, where there seem to be demonstrable discrepancies between what the claimant said on the stand and what the written record shows. On the not unimportant question of whether the claimant is a smoker, for example, Mr. Gooch testified that he did not smoke, but he apparently told Dr. Perry in 1982 that he had smoked cigars and cigarettes "for the last 10 years," and he told Dr. Perry in May of 1984 that he "occasionally smokes cigarettes."

■ The claimant recognizes that the medical documentation of his condition "may not be optimum," but he urges that Dr. Shelton's conclusary opinions ought to have been accepted because the claimant is unable to pay for extensive clinical write-ups, and he takes the magistrate to task for stating "[t]here is absolutely no clinical evidence to support [Dr. Perry's] diagnosis of hypertrophic arthritis."

It is doubtless true that a more affluent patient might have obtained a more detailed medical record, but it does not necessarily follow that such a record would have compelled the conclusion that the claimant was disabled. We must work with the record we have, and Dr. Shelton's conclusions must be analyzed in the light of Dr. Perry's carefully recorded observations, together with x-ray reports and objective test results that appear more consistent with Dr. Odom's conclusions than with Dr. Shelton's.

Although the decision could well have gone the other way, we conclude, as did the magistrate and the district judge, that there was substantial evidence to support the ALJ's finding that the claimant was not precluded from returning to his usual occupation. We are not able to say that the ALJ's credibility finding is too imprecise or

too much at variance with the record to be erroneous, and we cannot say that the ALJ committed reversible error in dealing with the question of subjective evidence versus objective evidence.

Accordingly, and for the reasons stated in the report of the magistrate, the judgment in favor of the Secretary is AFFIRMED.