869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas W. HALL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1453.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Thomas W. Hall, appeals the final decision of the Secretary of Health and Human Services denying Mr. Hall disability insurance benefits on the ground that Mr. Hall had no "severe" medical impairment prior to the expiration of his insured status and therefore was not disabled. Plaintiff argues essentially that substantial evidence does not support the Secretary's determination and that the Secretary failed to consider the combined effects of all plaintiff's impairments. Because substantial evidence supports the Secretary's decision and that decision is in accordance with law, we affirm.
 
 
 2
 Mr. Hall filed his claim on September 26, 1986, alleging disability from July 2, 1979, due to emphysema. The application was denied initially and on reconsideration. After a requested hearing, an ALJ found that Mr. Hall had no severe impairment as of his last date of insured status--June 30, 1981. The Appeals Council denied review.
 
 
 3
 Plaintiff sought review of the Secretary's decision in the District Court. A magistrate recommended that summary judgment be entered for the Secretary. The District Court subsequently granted the Secretary's motion and dismissed the complaint. The District Court found virtually no objective medical evidence in the record prior to 1981 sufficient to support Mr. Hall's claim. Plaintiff appealed.
 
 
 4
 The record contains relatively little evidence relating to plaintiff's period of insured status. The only objective medical evidence in the record relating to the pre-expiration period are two chest x-ray reports and the records of plaintiff's sole physician during this time, Dr. M.G. Turner. The first x-ray, dated August 17, 1979, shows minimal fibrotic changes scattered throughout both lung fields with no indication of active disease. The second x-ray, dated September 15, 1980, also shows continued fibrotic changes in the left lung but once again no active disease. Dr. Turner's summary of plaintiff's course of treatment since 1967 lists numerous dates upon which he examined Mr. Hall for a number of ailments including pulmonary emphysema, hypertension, cirrhosis of the liver, esophageal varices, and polyneuritis of the legs. Dr. Turner's summary, however, is almost totally devoid of objective findings.
 
 
 5
 Plaintiff's evidence covering the period after his insured status expired is more substantial. During a hospitalization for a fractured hip in October of 1982, plaintiff was examined and found to have some evidence of an emphysematic condition, however, Mr. Hall's wheezing was "mild" and his lung fields were clear of active infiltrates. State agency questionnaires filled out by three doctors in 1986 (including one by Dr. Turner) provided no medical data for the pre-1981 period with one doctor stating that plaintiff had been unable to work since April 7, 1983.
 
 
 6
 Mr. Hall testified before the ALJ that he had worked for 30 years as a General Motors crank shaft inspector and retired on his doctor's orders on June 30, 1976. Plaintiff testified that he took medicine for breathing problems from 1979 to 1981. This medicine allegedly caused plaintiff to suffer from nervousness, shakiness, blackouts, and insomnia. Mr. Hall also testified that his ailments prevent him from walking more than half a block without rest and forced him to give up his hobbies of hunting and fishing. Mr. Hall asserted that his condition had worsened between 1976 and 1981. On May 18, 1988, Mr. Hall died of respiratory failure due to chronic obstructive lung disease.
 
 
 7
 Our review of this final decision of the Secretary is limited to a determination of whether substantial evidence exists in the record as a whole to support the Secretary's decision and to a review for legal error. Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). We keep in mind that it is the claimant who carries the burden to prove that he was disabled within the meaning of the Social Security Act. See 42 U.S.C. Sec. 423(d)(5)(A) (1982); 20 C.F.R. Sec. 404.1512(a) (1988). The claimant must establish his claim of disability by objective medical evidence. Duncan v. Secretary of HHS, 801 F.2d 847 (6th Cir.1986).[1] Moreover, the claimant bears the burden of providing evidence sufficiently complete and detailed to enable the Secretary to make a determination. See 20 C.F.R. Secs. 416.912 & 416.913(d) (1988).
 
 
 8
 In the case at bar, the ALJ found Mr. Hall not disabled at step two of the SSA's five step inquiry. The ALJ determined claimant's impairment to be nonsevere and therefore found him ineligible for benefits. An impairment is nonsevere if it is a " 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience.' " Farris v. Secretary of HHS, 773 F.2d 85, 90 (6th Cir.1985) (quoting Brady v. Heckler, 724 F.2d 914, 920 (11th Cir.1984)). The claimant bears the burden of establishing the existence of a severe impairment. Bowen v. Yuckert, 107 S.Ct. 2287, 2293 (1987).
 
 
 9
 We find substantial evidence supports the Secretary's determination. Plaintiff has simply failed to establish that he suffered from a severe disability prior to June 30, 1981. The two x-ray reports, the only objective medical evidence which predates the expiration of plaintiff's insured status, do not show a significant degree of emphysema. Neither x-ray report documented an active or severe disease process that would have significantly impaired Mr. Hall's ability to work. Diagnosis of a condition, without more, will not establish a severe disability.
 
 
 10
 Dr. Turner's letter listing Mr. Hall's pre-1981 complaints is also insufficient to establish a severe impairment. This letter merely reiterates plaintiff's complaints and is practically devoid of objective findings. See Landsaw v. Secretary of HHS, 803 F.2d 211, 213 (6th Cir.1986). The Secretary is not bound by the conclusory statement of a treating physician. King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). The ultimate determination concerning disability rests with the Secretary. Duncan, 801 F.2d at 847. Neither Dr. Turner's vaccination of Mr. Hall for influenza and pneumonia in 1979, nor Turner's prescription of medication for Mr. Hall show any more than the simple fact that plaintiff was innoculated and medicated. No objective medical evidence points to a causality between these events and a severe impairment.
 
 
 11
 The ALJ did not err in rejecting both the testimony of Mr. Hall and two physicians regarding his disability. Despite plaintiff's assertions that prior to 1981 he was unable to walk more than ten to fifteen feet, Mr. Hall's testimony was belied by his failure to state such a claim as part of his medical history upon hospitalization in 1982, and was unsupported by objective medical findings. Furthermore, the limited medical evidence presented by two additional doctors and their disability conclusions relating to Mr. Hall's post-insured status period, while possibly relevant to Mr. Hall's pre-insured condition, are minimally probative to the determination of whether Mr. Hall was severely disabled prior to June 30, 1981. See Siterlet v. Secretary of HHS, 823 F.2d 918, 920 (6th Cir.1987). Accordingly, the ALJ did not err in rejecting this evidence; the fact that a claimant subsequently becomes disabled does not establish an earlier onset date.
 
 
 12
 Finally, plaintiff argues that the ALJ failed to consider the combined effects of his impairments. Contrary to plaintiff's claim, the ALJ listed substantially all the medical evidence aside from plaintiff's emphysema and noted that these ailments were not documented by clinical findings prior to the date last insured. The ALJ discussed Mr. Hall's alleged nervousness and sleeplessness, and claimant's other maladies including Mrs. Hall's testimony that Mr. Hall consumed in excess of six beers per day. As pointed out by the Secretary, "[t]his discussion illustrates that the ALJ did in fact consider the entire medical record in deciding that the plaintiff was not disabled." Brief for the Secretary at 14. See Gooch v. Secretary of HHS, 833 F.2d 589, 591-92 (6th Cir.1987), cert. denied, 108 S.Ct. 1050 (1988) (discussion of each impairment indicated that ALJ considered their combinatory effect).
 
 
 13
 Accordingly, the judgment in favor of the Secretary is AFFIRMED.
 
 
 
 [1]
 Although this Circuit originally applied Duncan to only those cases decided prior to January 1, 1987, a panel of this Court has recently determined that the Duncan analysis should continue to apply to cases decided after the sunset of the Social Security Disability Reform Act of 1984. See McCormick v. Secretary of HHS, 861 F.2d 998, 1002-03 (6th Cir.1988)