872 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold ADAMS, Plaintiff-Appellant,
v.
Otis BOWEN, Secretary Department of Health and Human
Services, Defendant-Appellee.
 No. 88-5458.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant Harold Adams appeals from a district court order affirming the Secretary of Health and Human Services' determination that he was not disabled and, therefore, not entitled to disability insurance benefits. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 Adams filed his application for a period of disability and disability insurance benefits on January 24, 1985, alleging a disability onset date of August 13, 1976. The Secretary denied claimant's application both initially and upon reconsideration. Claimant then requested a hearing before an Administrative Law Judge (ALJ), which was held on July 31, 1985. At that time there was an exhibit submitted from the Bluefield Mental Health Center which prompted the ALJ to vacate the Secretary's initial denial and remand the case for a second initial decision and reconsideration based on new procedures for mental evaluations set forth in Public Law 98-460. The Secretary again denied claimant's application both initially and upon reconsideration. Claimant again requested a hearing before an ALJ, which was held on January 8, 1987.
 
 
 3
 Adams testified at the hearing that he was born on September 1, 1937. He had completed the eighth grade, and had worked as a coal miner and as a carpenter's helper.
 
 
 4
 Upon reviewing the relevant medical evidence and claimant's testimony, the ALJ rendered his decision on April 17, 1987, concluding that Adams was not entitled to disability insurance benefits. Initially, the ALJ noted that claimant met the disability insured status requirements on August 13, 1976, the alleged disability onset date, and continued to meet them through September 30, 1981, but not thereafter. The ALJ determined that claimant had not engaged in substantial gainful activity since his alleged disability onset date. The ALJ found that claimant suffered from the severe impairments of degenerative disc disease, and the residual of two fractured vertebrae. The ALJ found, however, that claimant did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1. 20 C.F.R. Pt. 404, Subpt. P., App. 1. Further, the ALJ found that claimant was unable to perform his past relevant work as a coal miner or as a carpenter's helper. The ALJ determined, however, that claimant's allegations of severe pain and discomfort, which precluded him from performing medium work activities, were not supported by the objective medical evidence and were not credible. In order to determine whether claimant could perform other work, the ALJ noted that claimant was forty-four years old, which meets the definition of a younger individual, when his insured status expired; that claimant had completed the eighth grade, which constitutes a limited education; that claimant had no transferable work skills; and that claimant had the residual functional capacity to perform a limited range of medium work. Using the medical-vocational guidelines as a framework and enlisting the aid of a vocational expert, the ALJ concluded that claimant was not under a disability.
 
 
 5
 Adams requested review of the ALJ's decision by the Appeals Council, but on June 10, 1987, the Appeals Council found no basis for review. Thus, the ALJ's decision became the final decision of the Secretary.
 
 
 6
 Adams then filed the present action for judicial review with the district court pursuant to 42 U.S.C. Sec. 405(g). Upon consideration of cross-motions for summary judgment, the district court affirmed the Secretary's decision in an opinion filed on February 25, 1988.
 
 
 7
 Claimant brought this timely appeal.
 
 II.
 
 8
 This court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g), which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole," Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).
 
 
 9
 The claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. Sec. 423(d) and 20 C.F.R. Sec. 404.1505. If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied. 20 C.F.R. Sec. 404.1520(b). If the claimant is not found to have an impairment which significantly limits his or her ability to work (a severe impairment), then he or she is not disabled. 20 C.F.R. Sec. 404.1520(c). Since the ALJ found that Adams had not worked since 1976 and that he suffered from degenerative disc disease and the residual of two fractured vertebrae, which limited his ability to work, further inquiry was necessary. If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments. 20 C.F.R. Sec. 404.1520(d). See 20 C.F.R. Sec. 404.1525(a). If so, benefits are owing without further inquiry. In the instant case, the ALJ found that Adams did not suffer from one of the listed impairments. In such a case, assuming that the individual had previously worked, the Secretary must next decide whether the claimant can return to the job which he previously held. 20 C.F.R. Sec. 404.1520(e). By showing "a medical basis for an impairment that prevents him from engaging in his particular occupation," the claimant establishes a prima facie case of disability. Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978). In the instant case, the ALJ found that Adams was not capable of returning to his particular occupation.
 
 
 10
 At this step in the analysis, it becomes the Secretary's burden to establish the claimant's ability to work. Allen, 613 F.2d at 145. The Secretary must prove that, taking into consideration present job qualifications such as age, experience, education, and physical capacity, and the existence of jobs to match those qualifications, the claimant retains the capacity to perform a different kind of job. 20 C.F.R. Sec. 404.1520(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical-vocational guidelines, otherwise known as the "grid." See 20 C.F.R. Pt. 404, Subpt. P., App. 2. If the characteristics of the claimant do not identically match the description in the grid, however, the grid is used only as a framework or a guide to the disability determination. Kirk, 667 F.2d at 528. In the instant case, the ALJ found that Adams's characteristics did not identically match the description in the grid. Accordingly, the ALJ used the grid only as a guide to the disability determination.
 
 A.
 
 11
 Initially, Adams argues that the Secretary failed to accord enough weight to the medical opinions of certain physicians. We reject this argument.
 
 
 12
 The ultimate determination of disability for the purposes of the Social Security Act is the prerogative of the Secretary. 20 C.F.R. Sec. 404.1527. The medical opinions and diagnoses of treating physicians, when based on sufficient medical data, are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985). "[A] treating physician's opinion 'is entitled to weight substantially greater than that of a doctor who has seen the claimant only once.' " Stamper v. Harris, 650 F.2d 108, 111 (6th Cir.1981).
 
 
 13
 In the instant case, the ALJ properly accorded substantial deference to the medical opinions and diagnoses of claimant's treating physicians Drs. Cassady, Roland, and Malempati. By contrast, the ALJ discounted the opinions of Drs. Hunter and Fischer, a neurologist and an orthopedic surgeon respectively, and of Drs. Soulis and Demopoulos of the Bluefield Mental Health Center, all of whom examined claimant at his attorney's request. This was within the ALJ's discretion, especially since the reports from Drs. Hunter and Fischer and the Bluefield Mental Health Center are dated 1985, long after claimant's insured status expired in 1980, and none of them relate claimant's symptoms back to this relevant time frame.
 
 B.
 
 14
 Adams next argues that the Secretary failed to accord enough weight to his subjective complaints of pain. We reject this argument.
 
 
 15
 In McCormick v. Secretary of Health & Human Services, 861 F.2d 998 (6th Cir.1988), this court recently reaffirmed the standard for evaluating claims of pain announced in Duncan v. Secretary of Health & Human Services, 801 F.2d 847 (6th Cir.1986):
 
 
 16
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 17
 McCormick, 861 F.2d at 1002-03 (quoting Duncan, 801 F.2d at 853).
 
 
 18
 Claimant erroneously relies on Miracle v. Celebrezze, 351 F.2d 361 (6th Cir.1965), for the proposition that even pain unaccompanied by objective evidence may support a finding of disability. Clearly, this is no longer the law.
 
 C.
 
 19
 Finally, Adams argues that the Secretary did not fully consider all of his impairments in combination. We reject this argument.
 
 
 20
 The Social Security Act requires the Secretary to consider the combined effect of impairments which individually may not even be severe, but which in combination may constitute a medically severe impairment or otherwise establish disability. 42 U.S.C. Sec. 423(d)(2)(c). Gooch v. Secretary of Health & Human Servs., 833 F.2d 589, 591 (6th Cir.1987) (per curiam), cert. denied, 108 S.Ct. 1050 (1988).
 
 
 21
 In the instant case, it is apparent that the ALJ did consider the combined effects of claimant's impairments. For example, the ALJ found that claimant had degenerative disc disease, chronic obstructive pulmonary disease, arthritis, and the residual of two fractured vertebrae, but that he did not have an impairment or combination of impairments which met the listing in Appendix 1. This finding is supported by substantial evidence.
 
 
 22
 For the foregoing reasons, the district court's judgment is AFFIRMED.