887 F.2d 265
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis JACKSON, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee
 No. 88-2265.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge
 MERRITT, Circuit Judge.
 
 
 1
 This appeal arises from a denial of disability benefits under the Social Security Act. We find that the Secretary had substantial evidence to support his decision to deny benefits and therefore affirm the decision below.
 
 
 2
 Born on April 8, 1938, Claimant Curtis Jackson has a tenth-grade education and last worked as an automobile spray painter, a semi-skilled job with no transferable skills. In December 1983, claimant suffered a myocardial infarction. His years as a spray painter have also limited some pulmonary functions and restrict him to working in a relatively clean environment only. In addition, he complains of fatigue, inability to walk long distances, inability to lift heavy weights, and occasional angina and chest pain.
 
 
 3
 Claimant has filed for benefits three times before this application. He filed his current application for benefits on March 17, 1986. ALJ Michael F. Wilenkin denied the application on September 14, 1987, and the Appeals Council affirmed on March 23, 1988. The ALJ found that claimant did not have an impairment or combination of impairments severe enough to warrant an automatic finding of disability under 20 C.F.R. Sec. 404.1520(c) (1988). While claimant could not perform his previous employment, the ALJ found that claimant had a residual functional capacity for sedentary work as defined in 20 C.F.R. Sec. 1567(a) (1988). Because claimant suffered from exertional and nonexertional limitations, the ALJ relied on a combination of testimony from a vocational expert and the disability grid, 20 C.F.R., subpt. P, app. 2. In so doing, the ALJ considered the nonexertional, environmental limitations of claimant as required by 20 C.F.R. subpt. P, app. 2, Sec. 200.00(e) (1988). Claimant's combination of exertional and nonexertional, environmental limitations limited the ALJ's use of the grid as only a guideline for decision. 20 C.F.R. subpt. P, app. 2, Sec. 200.00(e)(2) (1988). Finding substantial gainful employment available in the national economy in sufficient numbers, the ALJ denied claimant's application.
 
 
 4
 On appeal, claimant argues that the ALJ erred in evaluating the evidence. The claimant misreads our standard of review. To prevail, the claimant must show that the Secretary's decision is not supported by substantial evidence on the record, 42 U.S.C. Sec. 405(g) (1982), not that claimant's own position is so supported. The Secretary prevails if he can show substantial evidence in support of his decision even if the same record might lead one to reach a different conclusion. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam). We hold that substantial evidence supports the Secretary's determination of claimant's residual functional capacity and nonexertional limitations. While claimant argues that the ALJ improperly evaluated claimant's credibility, this Court will defer to the ALJ's determination of a witness's credibility. Sizemore v. Secretary of Health & Human Servs., 865 F.2d 709, 713 (6th Cir.1988) (per curiam); Gooch v. Secretary of Health & Human Servs., 833 F.2d 589, 592 (6th Cir.1987) (per curiam), cert. denied, 109 S.Ct. 1050 (1988).
 
 
 5
 Claimant next contends that the ALJ misapplied our standard for evaluating claims of disability by pain, which we established in Duncan v. Secretary of Health & Human Servs., 801 F.2d 847 (6th Cir.1986):
 
 
 6
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 7
 Id. at 853. Claimant meets the first part of the test. He has evidence of an underlying medical condition: heart failure, use of nitroglycerine, double bypass surgery.
 
 
 8
 Substantial evidence on the record shows that the putatively disabling pain strikes claimant only once every two months. Transcript of Administrative Hearing at 42 (testimony of claimant). In addition, claimant can control the pain with nitroglycerine tablets. While we do not doubt that claimant suffers from some pain, substantial evidence supports the ALJ's decision that Mr. Jackson's pain does not disable him.
 
 
 9
 Claimant argues next that the Secretary did not meet his burden to prove that substantial gainful employment exists in the national economy in sufficient numbers for someone in claimant's condition. The Secretary bears the burden of proving that jobs exist--Maziarz v. Secretary of Health & Human Servs., 837 F.2d 240, 244 (6th Cir.1987); Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 529 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983)--and the grid establishes a decision for claimants suffering solely from exertional impairments. If claimant had only exertional impairments the grid would direct a finding that claimant was not disabled as of the date of the ALJ's decision. 20 C.F.R. subpt. P, app. 2, Sec. 201.19 (1988).
 
 
 10
 To account for claimant's nonexertional impairments, the ALJ took testimony from a vocational expert. This testimony was taken pursuant to 20 C.F.R. subpt. P, app. 2, Sec. 200.00(e)(2) (1988), which requires the ALJ to use the grid along with evidence about the effect of nonexertional impairments. The claimant advances two attacks on the vocational expert's testimony. First, the claimant argues that the ALJ submitted an improper hypothetical question to the vocational expert. The expert testified that claimant could do no work if his physical condition were exactly as he described it. Transcript of Administrative Hearings at 20. The ALJ then asked whether jobs existed for a person with impairments similar to ones that claimant might have. Transcript of Administrative Hearings at 20-23. This description in the hypothetical question is one that the ALJ could have found fit claimant, and substantial evidence supports that finding. Thus, the hypothetical question was not improper.
 
 
 11
 The claimant also attacks the jobs that the vocational expert said he could perform. In response to the hypothetical question, the vocational expert listed seven jobs available in the area that claimant could perform. The claimant attacks this testimony by relying on job descriptions from the Department of Labor's Dictionary of Occupational Titles. The Secretary has taken administrative notice of the Dictionary. 20 C.F.R. Sec. 404.1566(d) (1988). The claimant argues that the Dictionary definitions of the jobs described by the vocational expert either are too strenuous for Mr. Jackson, or they require more training than he can handle, or they involve work in a polluted environment.
 
 
 12
 We reject this contention. First, many of the Dictionary definitions relied on by claimant do not match precisely with the jobs specified by the vocational expert. Second, the jobs listed were only examples of jobs that claimant could perform. Transcript of Administrative Hearings at 23. We therefore hold that the Secretary met his burden of proof in this case.
 
 
 13
 Claimant's last contention involves the change in his status because of his age. Because claimant turned 50 years old on April 8, 1988, he would, if he applied now, apparently be considered disabled by the grid standards. 20 C.F.R. subpt. P, app. 2, Sec. 201.10 (1988). As a rule, this Court will only review the propriety of grid classifications as of the date of the ALJ's opinion. Maziarz v. Secretary of Health & Human Servs., 837 F.2d at 244; Crady v. Secretary of Health & Human Servs., 835 F.2d 617, 620 (6th Cir.1987) (per curiam) ("The [ALJ's] decision date is the relevant cut-off point for analysis of all factors on which the determination of disability vel non is based, including the claimant's age."). Because we only have jurisdiction to determine whether the ALJ's decision was correct, it is clear that the ALJ had substantial evidence to prove that claimant was in the "young person" category, not the "approaching advanced age" category. The ALJ had substantial evidence to find that claimant was not disabled pursuant to the principles of the grid, 20 C.F.R. subpt. P, app. 2, Sec. 201.19 (1988), and in light of the vocational expert's testimony.
 
 
 14
 In making this decision, however, we note that it is dispositive only of claimant's March 17 application. We stress that it does not prejudice any subsequent applications for disability that claimant might file for benefits after his 50th birthday.
 
 
 15
 The judgment below is AFFIRMED.