899 F.2d 14
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David L. FEINBERG, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1707.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1990.
 
 Before WELLFORD and DAVID A NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 David L. Feinberg, appeals from the district court's decision affirming the Secretary's denial of his application for Disability Insurance Benefits under Sec. 205(g) of the Social Security Act as amended, 42 U.S.C. Sec. 405(g). Because we find that substantial evidence supports the Secretary's denial of benefits, we affirm.
 
 I.
 
 2
 Feinberg applied for benefits on September 18, 1986, alleging that he became disabled in August of 1978. He claims that he suffers from chronic asthma, bronchitis, allergies, back pain, anxiety, and depression. The Secretary denied his application initially and upon reconsideration.
 
 
 3
 At the time his insured status expired, Feinberg was twenty-five years old. Feinberg has a high school education and has his Associates Degree in Art which he received from a local junior college in 1983. He has a varied work experience, but he has not worked since 1978. Feinberg's insured status for disability benefits lapsed accordingly on March 31, 1983.
 
 
 4
 Feinberg claims that he suffers from asthma attacks regularly and that they often occur at night and are accompanied by a rapid heart beat, chest pains, and coughing. These attacks are brought on by a number of things, including nervousness, pollen, dust, animals, cigarette smoke, and hot, humid weather. Despite the fact that Feinberg is allergic to animals, he has kept both a cat and a dog as pets. He also claims that because of his shortness of breath, he must use a dilator several times a day, that he must take medication to control this problem, that he cannot lift more than fifteen to twenty pounds, and that his back hurts if he stands for any significant length of time. In addition, he has problems walking any extended distance. Feinberg also is able to enjoy such activities as playing his guitar, reading, watching television, and playing games.
 
 
 5
 On August 13, 1987, a hearing was held before Administrative Law Judge (the "ALJ") Bruce King. The ALJ first found that Feinberg did not have a severe impairment as a result of bronchial asthma which lasted for a period of at least twelve months prior to March 31, 1983. Next, the ALJ found that Feinberg's anxiety and depression were not chronic and would thus not significantly interfere with his ability to perform basic work activities. Third, the ALJ found that because Feinberg's alleged complaints about pain in his knee, ankle, and back did not exist prior to March 31, 1983, he did not consider them in making his determination. He found, moreover, that all of Feinberg's complaints, when considered together, did not meet the criteria set forth in the Listing of Impairments and therefore were not disabling per se. Finally, he found that Feinberg's impairments did not meet the twelve-month duration requirement. Accordingly, he denied Feinberg benefits, and this determination was upheld upon administrative review. The district court concluded that substantial evidence supported the Secretary's decision to deny Feinberg benefits and granted the Secretary's motion for summary judgment. Feinberg filed a timely appeal to this court.
 
 II.
 
 6
 We accept the Secretary's findings if they are supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is more than a mere scintilla but is less than a preponderance. Richardson v. Perales, 402 U.S. 389 (1971). It is such evidence that when considered as a whole, a reasonable person might accept as adequate to support the conclusion. Perales, 402 U.S. at 401. It is the duty of the ALJ to make credibility determinations. Gooch v. Sec., H.H.S., 833 F.2d 589, 592 (6th Cir.1987), cert. denied, 108 S.Ct. 1050 (1988). Even if in our judgment on review, substantial evidence might support a contrary conclusion, the Secretary's decision must be upheld if it is supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986).
 
 
 7
 Feinberg's first assignment of error is that the ALJ erred in finding that his asthmatic condition was not continuously disabling during the relevant period, that post-insured status medical evidence establishes that he was continuously disabled, and that the ALJ erred in rejecting evidence of Feinberg's back condition. We find these contentions to be without merit.
 
 
 8
 During the relevant five-year period, Feinberg was treated only five times at area hospitals for his asthmatic condition, and each time he responded well to treatment and was quickly released. The post-insured status evidence of Feinberg's asthmatic condition does not support a conclusion that Feinberg was continuously disabled for twelve continuous months prior to the expiration of his insured status. The ALJ did not improperly disregard the evidence of Feinberg's back condition; he simply found that one x-ray (with no medical commentary) did not constitute credible medical evidence of a disabling back condition. Finally, we note that during the period in question, Feinberg attended college and received his Associates Degree in Art.
 
 
 9
 Feinberg's second assignment of error is that the ALJ erred in not giving the opinion of Feinberg's treating physician, Dr. Clifford, proper weight. While the opinion of a claimant's treating physician is normally given great weight, the opinion will be given the proper weight only when it is supported by objective medical evidence in the record. Gardner v. Heckler, 745 F.2d 383, 391 (6th Cir.1984). The Secretary's decision to deny benefits will be upheld if it is supported by substantial evidence even though the treating physician's opinion is to the contrary. Shavers v. Secretary of Health and Human Services, 839 F.2d 232 (6th Cir.1987).
 
 
 10
 The ALJ found that the opinion of Dr. Clifford would be given little weight because his opinion was not supported by objective and clinical findings. A thorough review of Dr. Clifford's medical reports indicates that there is no support for his conclusion that Feinberg was unemployable. Other medical evidence in the record is directly contrary to Dr. Clifford's opinion.
 
 
 11
 Feinberg's next argument is that the ALJ erred in not accepting his testimony as credible. He argues that it was error for the ALJ to admit initially at the hearing that Feinberg's medical problems precluded him from working, but to later change his mind and conclude that Feinberg was, in fact, employable. Feinberg also argues that there was substantial evidence in the record to support his testimony and that the ALJ's credibility determination was tainted by his observing Feinberg during the administrative hearing. We are not persuaded by these contentions.
 
 
 12
 The ALJ never concluded at any point that Feinberg's alleged impairments were so severe and so continuous as to render him unemployable. A finding of disability may not be predicated solely on a claimant's subjective complaints of pain; there must be supporting objective medical evidence in the record. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1983). We find that the medical evidence does not support Feinberg's subjective complaints of pain. Only once was Feinberg treated for back pain and that was in 1979; there is simply no other evidence which would indicate that Feinberg's alleged back problems were as severe as he claimed. Except for a 1986 emergency room treatment for a twisted ankle, there is no medical evidence that Feinberg was ever treated for knee or ankle problems. We also point out that Feinberg is responsible for at least part of his problems; not only does he maintain two pets to which he is allergic, but also his asthma condition is controllable with treatment, and he has often failed to follow such treatment. In sum, we find no error in the ALJ's credibility determination.
 
 
 13
 Feinberg's final argument is that the ALJ erred in defining the relevant "region" for purposes of determining whether there were significant numbers of jobs which Feinberg could perform. Feinberg's argument is misplaced. While the ALJ did discuss step 5 under 20 C.F.R. Sec. 404.1520 (the number of jobs in the regional economy which the claimant could perform), he had earlier found that Feinberg did not prove that his impairments met the duration requirement set forth in step 2. Therefore, he was not required to proceed this far under the five-step evaluation process, and any alleged error under step 5 is irrelevant to the determination that Feinberg was not disabled.
 
 
 14
 Accordingly, we AFFIRM the denial of benefits.
 
 
 15
 899 F.2d 14, McCarthy v. Drug Enforcement Admin., (C.A.6 1990)