47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maxwell HODGE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-5814.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1995.
 
 Before: ENGEL, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Maxwell Hodge, a social security claimant represented by counsel, appeals a district court judgment which affirmed the Secretary's denial of his applications for social security disability benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hodge filed his current applications for disability insurance benefits and supplemental security income benefits on February 28, 1992, alleging a disability since July 20, 1990, due to gout, high blood pressure, a left knee impairment and a back problem. After his claims were denied initially and upon reconsideration, a hearing was held before an administrative law judge (ALJ). The ALJ determined that Hodge had the residual functional capacity to perform a full range of sedentary work and some aspects of light work and that Hodge could perform work which exists in significant numbers in the national economy. Therefore, the ALJ determined that Hodge was not disabled. The Appeals Council denied Hodge's request for review.
 
 
 3
 Hodge then sought judicial review of the Secretary's decision. A magistrate judge recommended that the court grant the Secretary's motion for summary judgment. Upon de novo review in light of Hodge's timely objections, the district court adopted the recommendation of the magistrate judge and dismissed the case.
 
 
 4
 On appeal, Hodge continues to argue the merits of his case. Hodge failed to raise the argument regarding the need for vocational expert (VE) testimony and regarding his treating doctor's opinion. For the first time on appeal, Hodge argues that his condition either meets or equals the Secretary's Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
 
 
 5
 Initially, we note that for the first time on appeal, Hodge makes the argument that his medical condition either meets or equals the Secretary's Listing of Impairments. This court will not address an issue not raised for the first time in the district court, and no exceptional circumstances apply that would warrant this court's consideration of this issue on appeal. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). In addition, Hodge failed to raise two issues that he raised in the district court, i.e., that the ALJ should have obtained testimony from a VE because of Hodge's alleged nonexertional impairments and that the Secretary did not give proper weight to Hodge's treating doctor's opinion. Issues which were raised in the district court and which are not raised on appeal are considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision denying disability benefits. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 7
 Hodge's first argument, that the Secretary did not take into account all of his impairments in combination and did not consider the whole record, is belied by what is plainly stated in the ALJ's decision. Cf. Loy v. Secretary of Health and Human Servs., 901 F.2d 1306, 1310 (6th Cir.1990) (per curiam) (court found Secretary considered the combined effect of claimant's impairments where reference was made to the claimant's "severe impairments" and the ALJ referred to a "combination of impairments" in the decision); see also Gooch v. Secretary of Health and Human Servs., 833 F.2d 589, 592 (6th Cir.1987) (per curiam), cert. denied, 484 U.S. 1075 (1988). Furthermore, Hodge's allegations of disabling pain and other symptoms do not satisfy the two-part test set forth in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986), and his allegations are not supported by the objective medical evidence. The Secretary's finding of nondisability was not based on Hodge's failure to follow prescribed treatment or any failure to seek out medical treatment over the years.
 
 
 8
 Accordingly, we affirm the district court's judgment.