**Ronald G. BENTLEY, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 00–6403.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

Ronald G. Bentley appeals a district court judgment affirming the Commissioner's denial of his applications for social security disability insurance benefits and for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Bentley filed applications for social security disability insurance benefits and for supplemental security income benefits alleging that he suffered from chest pain, a heart condition, nervousness, impaired breathing, high blood pressure, high cholesterol, back pain, and diabetes. Following a hearing, an administrative law judge (ALJ) determined that Bentley was not disabled because he could perform a substantial number of jobs in the economy. The Appeals Council declined to review

the ALJ's determination. Bentley then filed a complaint challenging the Commissioner's decision. The district court subsequently granted judgment to the Commissioner and dismissed the case.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

Bentley contends that the ALJ erred in not finding him to be a credible witness and by not giving proper consideration to his subjective complaints. Credibility determinations rest with the ALJ. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). In his credibility determination, the ALJ stated that Bentley complained of daily episodes of chest pain, with pain radiating through his left arm. Bentley stated that he had a positive response to his medication. However, the medication caused drowsiness. The ALJ noted that despite these allegations, there was nothing in the notes of Bentley's treating physicians which reflected that Bentley's medication caused drowsiness as a side effect. Further, the ALJ noted that Bentley saw his treating physicians on a regular basis and was following a conservative treatment. He did not participate in a physical therapy program. Bentley could lift five to ten pounds, and sit one to one and one-half hours. Further, the notes from Bentley's treating physician reflect that his condition remained stable through conservative medical management. The ALJ stated that he did not accept Bentley's subjective complaints as they were not substantiated by clinical data or any other evidence in the record.

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

The ALJ does not need to credit subjective complaints where there is no underlying medical basis for the complaint. *Fraley v. Secretary of Health & Human Servs.*, 733 F.2d 437, 440 (6th Cir.1984). When there are discrepancies between the claimant's testimony and the written record, the reviewing court does not substitute its credibility findings for that of the ALJ. *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). As Bentley's testimony conflicted with the objective medical evidence in the record, the ALJ did not commit reversible error by rejecting Bentley's testimony.

Accordingly, we affirm the district court's judgment.