**Joyce M. BERRY, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 01–1711.**

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; ECONOMUS, District Judge.*

Joyce M. Berry appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Berry filed an application for social security disability insurance benefits alleging that she suffered from back pain. Following a hearing, the administrative law judge (ALJ) determined that Berry was not disabled because she could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Berry then filed a complaint seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

Berry states that she satisfies § 1.05C of 20 C.F.R. Part 404, Subpart P, Appendix 1. The listing requires vertebrogenic disorders such as herniated nucleus puplosus or spinal stenosis with "the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2: 1. Pain, muscle spasm, and significant limitation of motion in the spine; and 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory reflex loss." It is the burden of the claimant at the third step of the sequential evaluation to establish that she meets or equals the listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir.1987).

An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. *See* 20 C.F.R. 404.1525(d). If all the requirements of the listing are not present, the claimant does not satisfy that listing. *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir.1987). A review of the medical evidence shows that Berry does not satisfy the listing. As the ALJ and magistrate judge noted, the medical evidence does not show a significant motor loss with weakness, or sensory and reflex loss that have persisted despite prescribed therapy for the required period of time. As the medical evidence does not satisfy the second element of the listing, Berry has not met her burden of proof. *Id.*

Berry challenges the ALJ's conclusion regarding her credibility as to her subjective complaints of pain. Credibility determinations rest with the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). In his credibility determination, the ALJ noted that despite her allegations of pain, Berry flies, walks through airports, and travels out of town. As such trips require extensive sitting, they contradict Berry's testimony regarding her physical limitations.

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

Berry alleged that she was required to lie down a number of times during the day. However, the record does not indicate whether the rest periods were a medical necessity or a matter of personal choice.

The ALJ does not need to credit subjective complaints where there is no underlying medical basis for the complaint. *Fraley v. Sec'y of Health & Human Servs.*, 733 F.2d 437, 440 (6th Cir.1984). When there are discrepancies between the claimant's testimony and the written record, the reviewing court does not substitute its opinion for that of the ALJ. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir.1987). As Berry's testimony conflicted with the objective medical evidence in the record and her daily activities, the ALJ did not commit reversible error by rejecting Berry's testimony that she was disabled.

Contrary to Berry's arguments, the ALJ did conclude that Berry had a severe back condition. In his hypothetical questions to the vocational expert, the ALJ placed several restrictions on Berry's ability to work. Despite the numerous restrictions, the vocational expert stated that there were a substantial number of jobs which Berry could perform. Therefore, the Commissioner satisfied his burden under step five of the sequential analysis.

Accordingly, we affirm the district court's judgment.