Gladys WILLIAMS, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.

No. 01–5712.

United States Court of Appeals, Sixth Circuit.

June 25, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH, District

Judge.*

## ORDER

Gladys Williams appeals a district court order affirming the Commissioner's denial of her application for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Williams filed an application for supplemental security income benefits alleging that she suffered from headaches, arthritis, stomach problems caused by an ulcer, and a hiatal hernia. Following a hearing, an Administrative Law Judge (ALJ) determined that Williams was not disabled because she could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Williams then filed a complaint seeking judicial review of the Commissioner's decision. The district court subsequently granted judgment to the Commissioner. Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir.1989).

Williams contends that the ALJ failed to give an explanation as to why he disregarded the testing results of Dr. Lanthorn. The ALJ noted that Dr. Lanthorn concluded that Williams's capacity to understand was intact. He also concluded that Williams's ability to perform tasks and concentrate were good and that she experienced no difficulties with her short or long term memory functions. Furthermore, Dr. Lanthorn concluded that Williams's overall adaptability skills were mild to moderately limited. Dr. Lanthorn diagnosed Williams with borderline intellectual functioning and an anxiety disorder. He found her to have a moderate mental impairment. However, the ALJ noted that Dr. Lanthorn's assessment of Williams's ability to do work-related activities was not consistent with his diagnosis or with the testing results he assigned to Williams. Furthermore, Dr. Lanthorn's diagnosis contradicted his description as to Williams's adaptability skills. The ALJ specifically noted that Dr. Lanthorn's opinion was contrary to the record and other medical reports.

An opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, *see Crouch v. Sec'y of Health & Human Servs.,* 909 F.2d 852, 857 (6th Cir.1990), and is not contradicted by substantial evidence to the contrary. *See Hardaway v. Sec'y of Health & Human Servs.,* 823 F.2d 922, 927 (6th Cir.1987). The Commissioner may reject the opinion of a treating physician where a good reason is found in the record to do so. *See Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir.1988). The ALJ rejected the opinion of Dr. Lanthorn because it was not supported by the medical evidence in the record. Thus, the ALJ did not commit reversible error.

Williams contends that the district court erred in analyzing her case. Williams states that the district court judge noted that even if Dr. Lanthorn's report were granted full weight, her conditions would not interfere with her ability to work. Williams notes that the ALJ specifically quoted Dr. Lanthorn's findings to the vocational expert during the administrative hearing. The vocational expert responded that based on these restrictions, Williams would be unable to perform any job in the region or nation. Williams asserts that Dr. Lanthorn's report does indicate that

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

she suffers from marked limitations which would significantly interfere with her ability to work. Therefore, Williams states that the district court erred in not concentrating on the residual functional capacity assessment offered by Dr. Lanthorn. However, Williams's reliance on Dr. Lanthorn's opinion to support her position is without merit. It is the responsibility of the ALJ to resolve any discrepancies in the record. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir.1987). Dr. Lanthorn's opinion was rejected by the ALJ as being inconsistent with his own diagnosis and other medical reports. As the ALJ did not commit reversible error in rejecting Dr. Lanthorn's opinion, Williams's continued reliance on Dr. Lanthorn's opinion in order to obtain benefits is unavailing.

Accordingly, we affirm the district court's order.