**William W. WILLIAMSON,**
**Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL**
**SECURITY, Defendant–**
**Appellee.**

No.  01–2286.

United States Court of Appeals,
Sixth Circuit.

Jan. 23, 2003.

Before MARTIN, Chief Judge; MERRITT and LAY,* Circuit Judges.

MERRITT, Circuit Judge.

William W. Williamson, a pro se Michigan resident, appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. This case has been submitted on briefs.

Williamson filed an application for social security disability insurance benefits on June 20, 1994. Williamson was born on December 8, 1953. He previously worked as a truck driver. Williamson alleged that he suffered from arthritis, pain, impaired sleeping, blurred vision, constipation, muscle spasms, and depression

After the final administrative hearing, the administrative law judge (ALJ) found that Williamson could perform a substantial number of jobs in the economy. Therefore, the ALJ denied benefits. The Appeals council declined to review the ALJ's decision.

Williamson filed a civil action seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.

The standard of review that applies to Williamson's case was articulated by this court in *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679 (6th Cir. 1989):

Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence.

*Id.* at 681 (citations omitted).

■ Williamson challenges the ALJ's credibility determination. The ALJ found that Williamson's testimony was credible to the extent that he could not perform any more than sedentary activities. Credibility determinations rest with the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). The ALJ noted that objective medical evidence contradicted, to an extent, some of Williamson's testimony. The contradiction between the objective medical evidence and Williamson's allegations form the crux of the case. The ALJ noted that Williamson had a normal EKG. X-rays indicated very mild degenerative arthritic changes in the cervical region of the spine, mild arthritis in the thoracic region of the spine, and no arthritic changes in the lumbar region of the spine. The ALJ does not need to credit subjective complaints where

* The Honorable Donald P. Lay, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

there is no underlying medical evidence for the complaint. *Fraley v. Sec'y of Health & Human Servs.,* 733 F.2d 437, 440 (6th Cir.1984). When there are discrepancies between the claimant's testimony and the written record, the reviewing court does not substitute its opinion for that of the ALJ. *Gooch v. Sec'y of Health & Human Servs.,* 833 F.2d 589, 592 (6th Cir.1987). As Williamson's testimony conflicted with the objective medical evidence, the ALJ did not commit reversible error by rejecting, to an extent, Williamson's testimony.

■ Williamson objects to the ALJ's reliance on the opinion of Dr. Steiner and the rejection of the opinion of Dr. Weitzman. The ALJ gave less weight to the opinion of Dr. Weitzman as Dr. Weitzman's opinion was unsupported by medical findings and was inconsistent with other evidence in the record. An opinion of a physician is entitled to greater weight only if it is based on objective medical findings, *see Crouch v. Sec'y of Health & Human Servs.,* 909 F.2d 852, 857 (6th Cir.1990). and is not contradicted by substantial evidence to the contrary. *See Hardaway v. Sec'y of Health & Human Servs.,* 823 F.2d 922, 927 (6th Cir.1987). The Commissioner may reject the opinion of even a treating physician where good reason is found in the record to do so. *See Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir.1988). The ALJ rejected the opinion of Dr. Weitzman because it was not supported by the objective medical evidence in the record. Thus, the ALJ did not commit reversible error.

■ Substantial evidence supports the ALJ's conclusion that Williamson could perform a significant number of jobs in the national economy. The vocational expert identified 8,600 jobs which Williamson could perform with the limitations set forth by Dr. Steiner. These limitations included the inability to lift no more than ten pounds occasionally and five pounds frequently, Furthermore, Williamson would be free to sit and stand as necessary to relieve positional discomfort. Williamson was not to engage in any climbing, bouncing, repetitive stooping, crouching, kneeling, or crawling. He could perform only limited reaching. Williamson was prevented from working at heights or around dangerous machinery. Williamson was limited to performing unskilled activity. Despite these restrictions, the vocational expert found Williamson capable of performing such jobs as a sorter, packager, visual inspector, and assembler. The Commissioner has satisfied his burden.

For these reasons and the reasons given in the 39–page exhaustive and well-reasoned report of Magistrate Judge Scheer rendered June 21, 2002, we find no reason to reverse the district court. Accordingly, we AFFIRM the district court's judgment.